IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANCES OCHOA,

    Petitioner,

v.                                                                                                  Civ. No. 18-0910 WJ/GJF

MARIANNA VIGIL, *et al*,

    Respondents.

**ORDER REGARDING MOOTNESS
AND MISCELLANEOUS MOTIONS**

    This matter comes before the Court on Petitioner's failure to fully respond to the Order to Show Cause (OSC) entered March 31, 2020.  Also before the Court are her motions to amend her 28 U.S.C. § 2254 petition and to appoint counsel [ECF 6, 11].  The Court entered the OSC after Petitioner's release from custody.  She was directed to update her mailing information and address the issue of whether sufficient collateral consequences flow from the judgment and completed sentence to avoid mootness.  Petitioner updated her mailing information, but the response did not address mootness.  [ECF 10].  The Tenth Circuit has held that a habeas petitioner bears the burden of proving the claims are not moot following a release from custody.  *See Kirby v. Janecka,* 379 Fed. App'x 781, 783 (10th Cir. 2010) (citing U.*S. v. Hernandez–Baide*, 146 Fed. App'x. 302, 304 (10th Cir. 2005)).  This rule suggests that if a petitioner fails to address mootness, the case can be dismissed.  However, the Tenth Circuit has also held that collateral consequences can be presumed where the habeas claims challenge the underlying conviction.  *See United States v. Meyers,* 200 F.3d 715, 718 (10th Cir. 2000).

    Based on this tension in the case law, and because the record contains no information about Petitioner's post-release status (*i.e.,* parole, probation, etc), the Court will give Petitioner another

opportunity to address mootness. Petitioner must file a response within twenty-one (21) days of entry of this Order demonstrating why her claims are not moot. If she again fails to comply, the Court may dismiss this case based on the failure to follow orders.

As to the Motion to Amend, Petitioner seeks to add three short, handwritten paragraphs of factual allegations to support her existing claims. [ECF 6]. The Court will grant the request and consider those facts if it reaches the merits of the claims. In her remaining motion, Petitioner asks the Court to appoint habeas counsel. Unless and until an evidentiary hearing is held, "[t]he decision to appoint counsel [in a habeas proceeding] is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). Factors guiding such discretion include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Considering these factors, and in particular the straightforward nature of the claims, the Court is not persuaded that counsel should be appointed at this time.

According, **IT IS ORDERED** that Motion to Amend [ECF 6] is **GRANTED**; and the Motion to Appoint Counsel [ECF 11] is **DENIED without prejudice**.

It is **FURTHER ORDERED** that Petitioner shall file a response **within twenty-one (21) days** of entry of this Order showing cause, if any, why this habeas proceeding is not moot.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE