IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANCES OCHOA,

    Petitioner,

v.                                                  Civ. No. 18-0910 WJ/GJF

MARIANNA VIGIL, *Warden,*
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner's failure to respond to multiple Orders to Show Cause and prosecute this 28 U.S.C. § 2254 habeas proceeding. On March 30, 2020, a mailing to Petitioner was returned as deliverable after her release from state custody. (Doc. 8). The Court entered an Order to Show Cause requiring her to update her mailing address and address whether her habeas claims were moot. (Doc. 9). Petitioner provided a new address, but the response did not address mootness. (Doc. 10). Rather than dismissing the case, the Court entered a second Order to Show Cause on June 12, 2020. (Doc. 12).

The second Order acknowledged some tension in the case law regarding whether, and to what extent, a habeas petitioner must show that "sufficient collateral consequences flow from the underlying judgment and the completed sentence to save the [action] from mootness." *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000). On one hand, the Tenth Circuit has held that a habeas petitioner bears the burden of proving the claims are not moot following a release. *See Kirby v. Janecka,* 379 Fed. App'x 781, 783 (10th Cir. 2010) (citing U*.S. v. Hernandez–Baide*, 146 Fed. App'x. 302, 304 (10th Cir. 2005)). However, the Tenth Circuit has also held that

collateral consequences can be presumed where the habeas claims challenge the underlying conviction. *See United States v. Meyers,* 200 F.3d 715, 718 (10th Cir. 2000). The claims here challenge Petitioner's shoplifting conviction based on ineffective assistance of counsel and evidentiary issues. (Doc. 1 at 6).

To resolve any concerns arising from the case law, and in particular the consequences for the failure to address mootness as directed, the Court allowed Petitioner a second opportunity to show cause why the case should not be dismissed without prejudice. Requiring Petitioner to address mootness served two functions in this case. First, the Court has no information about Petitioner's post-release status (*i.e.,* parole, probation, etc). This information could be dispositive to the mootness inquiry. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("[A] parolee's challenge to the validity of his [or his] conviction always satisfies the case-or-controversy requirement"). Second, as a practical matter the Court wants to ensure that Petitioner is still willing and able to prosecute the § 2254 action. The Court's docket is too congested to order an answer, review the merits of the ineffective assistance of counsel and evidentiary claims, and possibly set a hearing, only to find that - as in many habeas cases - Petitioner no longer wishes to participate after her release from custody and/or termination of parole.

The deadline to respond to the second Order to Show Cause was July 3, 2020. Petitioner did not address mootness or otherwise respond to the Order. After considering the factors in *Nasious v. Two Unknown B.I.C.E. Agents at Araphoe County Justice Ctr*., 492 F.3d 1158, 1162 (10th Cir. 2007), such as prejudice, culpability, and advance warnings, the Court will dismiss the case without prejudice pursuant to Fed. R. Civ. P. 41(b). The Court recognizes that even though the dismissal is without prejudice, it is possible the claims will be time-barred if filed anew.

However, based on Petitioner's refusal to respond to multiple orders to show cause, or even file a one-paragraph response providing information on her post-release custody status, the Court is convinced that dismissal is appropriate in this case. *See Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988) (recognizing dismissal for failure to prosecute as "standard" way to clear "deadwood from the courts' calendars" based on unexcused delay by plaintiff). The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the failure to prosecute is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Frances Ochoa's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 is **DISMISSED without prejudice** for failure to prosecute and comply with Orders; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing the habeas case.

_____
CHIEF UNITED STATES DISTRICT JUDGE